IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHOCTAW NATION OF OKLAHOMA,        *Plaintiff*, <br><br>v.<br><br>(1)  ENABLE MIDSTREAM PARTNERS, L.P.;<br>(2)  ENABLE G.P., L.L.C.;<br>(3)  ENABLE OKLAHOMA INTRASTATE TRANSMISSION, L.L.C. (formerly ENOGEX, L.L.C.);<br>(4)  HILAND PARTNERS HOLDINGS LLC.;<br>(5)  ZENERGY, INC. (formerly ZINKE AND TRUMBO, INC.); and<br>(6)  ABC COMPANIES;<br><br>       *Defendant.* | Case No. 21-CV-190-RAW |

## AMENDED COMPLAINT

Plaintiff, by and through the undersigned counsel, allege as follows:

### PARTIES

1. Plaintiff Choctaw Nation of Oklahoma ("Plaintiff" or the "Nation") is a federally recognized tribe headquartered in Durant, Oklahoma.

2. Defendant Enable Midstream Partners, L.P. ("Enable Midstream") is a master limited partnership organized and existing under the laws of the State of Delaware with a principal place of business in Oklahoma City, Oklahoma.

3. The general partner for Enable Midstream Partners, L.P. is Defendant Enable G.P., LLC, ("Enable G.P."), also a Delaware entity with a principal place of business in Oklahoma City, Oklahoma. Enable G.P. is not registered to do business in the State of Oklahoma with the Secretary of State. It is managed by CenterPoint Energy, Inc. and OGE Energy Corp.

1

4. Defendant Enable Oklahoma Intrastate Transmission, L.L.C. ("Enable Oklahoma"), a wholly owned subsidiary of Enable Midstream. Enable Midstream and Enable, G.P. control the operations of Enable Oklahoma, such that Enable Oklahoma serves as the alter ego or instrumentality of those entities, and it operates out of the offices of Enable Midstream and Enable, G.P. Enable Oklahoma operates under common management and at the direction of Enable Midstream/Enable G.P., and those entities pay its financial obligations. Accordingly, Enable Midstream and Enable, G.P. are responsible for all acts and omissions of Enable Oklahoma.

5. Defendant Hiland Partners Holdings, L.L.C. is a Delaware limited liability company with its principal place of business in Enid, Oklahoma.

6. Defendant Zenergy, Inc. is a domestic for-profit business incorporated in the State of Oklahoma with its principal place of business in Tulsa, Oklahoma. Defendant Zenergy Inc. is formerly known as Zinke and Trumbo, Inc.

7. Defendants ABC Companies is the alias for yet unidentified owners of pipelines that are trespassing across the Nation's property.[1]

8. Jurisdiction is proper pursuant to 28 U.S.C. §§ 1331.

### COUNT I: TRESPASS

9. The beforementioned paragraphs are fully incorporated here by reference.

10. Defendants operate pipelines across the Nation's property.

11. Defendants Enable Midstream Partners L.P., Enable G.P., L.L.C., and Enable Oklahoma Intrastate Transmission, L.L.C. (collectively "Enable") own pipelines that transgress trust land held by the United States in trust for the Nation; of those pipelines, at least two pipelines

---

[1] Collectively, all the aforementioned Defendants in ¶¶2-7 of this Amended Complaint are hereinafter referred to as "Defendants."

owned by Defendant Enable are located in Pittsburg County and have rights-of-way that both expired in 2016.

12. Defendant Hiland Partners Holdings, L.L.C. owns at least one pipeline that transgresses trust land held by the United States in trust for the Nation in Pittsburg County, and the right-of-way for that pipeline expired in 2015.

13. Defendant Zenergy, Inc. owns at least one pipeline that transgresses trust land held by the United States in trust for the Nation in Pittsburg County, and the right-of-way for that pipeline expired in 2011.

14. In 2015, Defendant Enable was sued for the same conduct by Kiowa allottee owners.

15. Defendants are aware that they own pipelines without valid rights-of-way and that they have a duty to remove their pipelines when a right-of-way expires.

16. For example, through other litigation it became clear Defendant Enable purchased pipelines with "almost nonexistent record-keeping"[2] and relied on known omissions from the records to ignore its duty to renew rights-of-way and continue operations.

17. Defendants knowingly continue to illegally operate their pipelines without paying the owners because it maximizes their profits.

18. Rather than remove the pipeline at their expense at the expiration of the rights-of-way, as required, Defendants continued to be unjustly enriched from pipeline operations.

19. The pipelines are a nuisance that specifically encumbers the Nation's lands and are a risk to the health and well-being of the Nation and its members.

---

[2] *Davilla, et al. v. Enable Midstream Partners, L.P. et al.,* Civ No. 5:15-cv-01262-M (Apr. 15, 2019), Dkt. 137-1 at 8 (Green Dep. 20:13-19; 21:9-19; 28:10-11 (Jul. 17, 2018)).

20. Defendants' conduct is reckless and wanton disregard for the Nation's rights.

21. By reason of continuing trespass, Plaintiff is entitled to compensation. The Nation respectfully requests this Court to award it damages, including punitive damages, in excess of $75,000.00 from Defendants.

22. Further, because Defendants were unjustly enriched at the Nation's expense, Defendants should be disgorged of their ill-gotten gains.

## COUNT II: ACCOUNTING

23. The beforementioned paragraphs are fully incorporated here by reference.

24. The Nation respectfully requests this Court mandate Defendants account for all rents owed to the Nation and all profits derived the above-referenced pipelines.

## COUNT III: INJUNCTIVE RELIEF

25. The beforementioned paragraphs are fully incorporated here by reference.

26. Defendants' unauthorized use of the land has irreparably harmed the Nation. The Nation will continue to be harmed without relief from the Court, and there is no other adequate remedy at law.

27. Plaintiff respectfully requests this Court issue orders to preliminarily and permanently enjoin Defendants from maintaining their illegally operating pipelines.

## CONCLUSION

WHEREFORE, Plaintiff respectfully prays the Court find for it and mandate Defendants:

A. Account for rents owed and profits gained;

B. Pay compensatory damages in an amount to be established at jury trial;

C. Pay punitive damages in an amount to be established at jury trial;

D. Be disgorged of their ill-gotten gains;

E.   Be enjoined preliminarily and permanently from trespassing;

F.   Pay all attorneys' fees and costs that can be appropriately award; and,

G.   Such further relief as the Court deems right and just.

Plaintiff hereby demands a jury trial for all triable issues not resolved as a matter of law.

Respectfully submitted this 23rd day of July 2021.

/s/ Michael Burrage
Michael Burrage, OBA No. 1350
Austin R. Vance OBA No. 33294
J. Renley Dennis OBA No. 33160
WHITTEN BURRAGE
512 North Broadway Avenue, Suite 300
Oklahoma City, OK 73102
Telephone:   (405) 516-7800
Facsimile:    (405) 516-7859
Email: mburrage@whittenburragelaw.com
          avance@whittenburragelaw.com
          jdennis@whittenburragelaw.com

***ATTORNEYS FOR THE CHOCTAW NATION OF OKLAHOMA***

**ATTORNEY LIEN CLAIMED**
**JURY TRIAL DEMANDED**

## CERTIFICATE OF SERVICE

I hereby certify that on July 23rd, 2021, I electronically transmitted the foregoing document to the Court Clerk using the ECF System for filing and transmittal of a Notice of Electronic Filing to all those registered within the ECF system.

/s/ Michael Burrage