IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CHOCTAW NATION OF OKLAHOMA ) <br> ) <br>     Plaintiff, ) <br> ) <br>     v. ) <br> ) <br> (1) ENABLE MIDSTREAM PARTNERS, LP; ) <br> (2) ENABLE GP, LLC; ) <br> (3) ENABLE OKLAHOMA INTRASTATE ) <br>     TRANSMISSION, LLC ) <br>     (formerly ENOGEX, LLC); ) <br> (4) HILAND PARTNERS HOLDINGS, LLC; ) <br> (5) ZENERGY, INC. ) <br>     (formerly ZINKE AND TRUMBO, INC.); ) <br> (6) ABC COMPANIES; ) <br> ) <br>     Defendants. ) | Case No. | 21-CV-190-SLP |

**DEFENDANTS ENABLE MIDSTREAM PARTNERS, LP'S, ENABLE GP, LLC'S, AND ENABLE OKLAHOMA INTRASTATE TRANSMISSION LLC'S REPLY IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT**

Defendants Enable Midstream Partners, LP, Enable GP, LLC, and Enable Oklahoma Intrastate Transmission, LLC (collectively "Enable") submit the following Reply in support of their Motion to Dismiss Amended Complaint [Dkt. 28].

In its Response [Dkt. 33], Choctaw Nation provides a detailed procedural history of a different, prior lawsuit, brought by a different plaintiff, in which an Enable entity was a defendant. Choctaw Nation appears to suggest that the fact that this different lawsuit occurred somehow means that Enable should have enough information to defend itself in *this* lawsuit, saying "[t]here is no logical reason the Choctaw Nation of Oklahoma should

1

fail for pursuing the same claims against the same Defendant for the same conduct the Tenth Circuit recently affirmed summary judgment against." Response at 3.

Choctaw Nation's assertion that the prior lawsuit is somehow relevant to the sufficiency of the Amended Complaint is not correct. The Amended Complaint generally alleges that Enable owns "at least two" pipelines over some <u>unidentified</u> land owned by Choctaw Nation somewhere in Pittsburg County, Oklahoma, for which Enable's rights of way have expired. But the basis of the Motion to Dismiss is that this bare factual allegation is insufficient to state a claim under the Federal Pleading standard as set forth in in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

The Amended Complaint does not identify the pipelines at issue. It does not identify the land owned by the Choctaw Nation over which Enable is supposedly trespassing. It does not say how many Enable pipelines are supposedly trespassing—"at least two" could mean two, or it could mean ten, twenty, or more. Indeed, the Amended Complaint does not even identify which Enable entity is the owner of the allegedly trespassing pipelines—it sues three Enable entities and calls them, collectively, Enable without ever distinguishing among them.

That these basic facts are not pled is the basis for Enable's Motion to Dismiss. Nothing about a prior trespass lawsuit, involving different rights of way, over different land, and owned by a different owner could possibly give Enable an insight into the deficiencies.

In further response, Enable expressly incorporates the arguments made by Hiland in its reply brief [Dkt. 37].  All arguments made by Hiland apply equally to Enable and are a further basis to dismiss the Amended Complaint as to Enable.

## CONCLUSION

For the foregoing reasons, and those stated in its Motion to Dismiss, Enable moves this Court to dismiss Plaintiff's Amended Complaint for failure to state a claim on which relief may be granted.

Respectfully submitted,

 /s/ Christopher M. Scaperlanda
Michael D. McClintock, OBA #18105
Christopher M. Scaperlanda, OBA # 31703
McAfee & Taft A Professional Corporation
211 North Robinson
8th Floor, Two Leadership Square
Oklahoma City, OK 73102
Telephone:    (405) 235-9621
Facsimile:    (405) 235-0439
michael.mcclintock@mcafeetaft.com
christopher.scaperlanda@mcafeetaft.com
***ATTORNEYS FOR ENABLE MIDSTREAM PARTNERS, LP, ENABLE GP, LLC, AND ENABLE OKLAHOMA INTRASTATE TRANSMISSION, LLC***

## CERTIFICATE OF SERVICE

This is to certify that on the 27th day of August, 2021, a true and correct copy of the above and foregoing document was emailed and mailed to:

Michael Burrage, Esq.
Austin R. Vance, Esq.
J. Renley Dennis, Esq.
*Attorneys for Plaintiff*

Tom Q. Ferguson
*Attorney for Zenergy, Inc.*

Terry D. Ragsdale
Bradley W. Welsh
Tammy D. Barrett
*Attorneys for Defendant, Hiland Partners Holdings, LLC*

*/s/ Christopher M. Scaperlanda*